**FILED**

04/13/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0159



# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 21-0159

ANTHONY SCOTT CHARLIE,

Petitioner,

v.

CAPTAIN RAUSER,
BROADWATER COUNTY DETENTION
CENTER, and STATE OF MONTANA,

Respondents.

**O R D E R**

F.

APR 1 3 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Representing himself, Anthony Scott Charlie has filed a Petition for a Writ of Habeas Corpus, contending that his "sentence is illegal because Persistent Felony Offender is mandatory minimum sentence of 5 yrs. M.S.P." He states that he is entitled to a writ of habeas corpus, pursuant to § 46-22-101(1), MCA.

Charlie offers a lengthy narrative about his sentencing history and his understanding of applicable law. Charlie explains that on June 16, 2009, he was sentenced in the Fourth Judicial District Court, Missoula County, and received a fifteen-year commitment to the Department of Corrections (DOC) for criminal possession of dangerous drugs. He states that the sentence was "enhanced" with ten years suspended for persistent felony offender to the Montana State Prison (MSP). His arguments are two-fold: (1) that pursuant to § 46-18-502, MCA, the ten-year suspended portion of the sentence is illegal; and (2) that the oral pronouncement of sentence conflicted with the written judgment. He does not include any attachments.

In June 2008, the State of Montana charged Charlie with two counts—felony criminal possession with intent to distribute and misdemeanor criminal possession of dangerous drugs—in Missoula County. In 2009, the State added the alternative felony charge of criminal possession of dangerous drugs – not otherwise provided for – in

violation of § 45-9-102(6), MCA. In March 2009, a jury found Charlie guilty of the alternative possession charge. The District Court sentenced Charlie to MSP for fifteen years with ten years suspended. The District Court found Charlie as a persistent felony offender (PFO), pursuant to § 46-18-502, MCA. Charlie appealed his conviction. *State v. Charlie*, 2010 MT 195, 357 Mont. 355, 239 P.3d 934.

This Court directly addressed the issue of the legality of Charlie's PFO sentence in his appeal. *Charlie*, ¶¶ 62-64. Citing to § 46-18-501(2)(b), MCA (2007), this Court concluded that "Charlie's sentencing as a PFO was within statutory parameters and constitutes a legal sentence." *Charlie*, ¶ 64. We explained that

> Charlie had been previously convicted of felony possession of a deadly weapon by an inmate on August 16, 2001. Charlie was discharged from prison and began serving his suspended sentence on October 1, 2003. His current offense was committed on June 8, 2008. Under § 46-18-501(2)(b), MCA, Charlie is a PFO because fewer than 5 years have elapsed between his release from prison and his current offense."

*Charlie*, ¶ 64.

Charlie's sentence, contrary to his claims, is facially valid. Section 46-18-502(1), MCA (2007), provides that "a persistent felony offender shall be imprisoned in the state prison for a term of not less than 5 years or more than 100 years . . . , if the offender was 21 years of age or older at the time of the commission of the present offense." Charlie never had a commitment to the DOC. Pursuant to § 46-18-502(3), MCA (2007), "the imposition or execution of the first 5 years of a sentence imposed under subsection (1) of this section . . . may not be deferred or suspended." Charlie's first five years are not suspended; he must serve prison time, followed by ten years on probation. This sentence must run consecutively to any other sentence imposed. Section 46-18-502(4), MCA (2007).

Charlie claims that he heard the court pronounce an oral sentence of five years instead of the sentence provided in the written judgment. Charlie is mistaken. Given that he appealed his conviction and sentence, he did not raise the issue of an alleged conflict.

2

No "shield" exists in § 46-18-116, MCA. His written judgment is clear as we referenced in his appeal—"Charlie was given a 15-year sentence, with 10 years suspended." *Charlie*, ¶ 12.

Charlie is not entitled to a writ of habeas corpus. Charlie is doubly constrained here under the statutes for habeas corpus relief. Charlie appealed his conviction and sentence to this Court, thereby exhausting the remedy of appeal. He is precluded from attacking the validity of the conviction or sentence now. Section 46-22-101(2), MCA. Charlie's underlying sentence was revoked in 2020, and he is precluded from challenging that sentence as well. Section 46-22-101(2), MCA. Accordingly,

IT IS ORDERED that Charlie's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to Captain Rauser, Broadwater County Detention Center; to counsel of record, and to Anthony Scott Charlie personally at his last known address.

DATED this 13 day of April, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3